UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEON BIBBS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROB ST. ANDRE,<br><br>　　　　Respondent. | No.  2:22-cv-1501 WBS KJN P<br><br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se, filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His request to proceed in forma pauperis remains pending.

　　　　Despite being granted leave to amend, petitioner failed to identify the conviction for which he is incarcerated.  Rather, petitioner contends he is illegally committed to custody because there is no certified judgment of conviction.  (ECF No. 9 at 4.)  That said, petitioner identifies state court decisions denying his petitions for writ of habeas corpus:  Court of Appeal on February 4, 2022, and the California Supreme Court on June 1, 2022.  (ECF No. 9 at 3.)

　　　　State court records reflect that the petition filed in the California Supreme Court, <u>Bibbs (Brandon Leon) on H.C.</u>, No. S273361 (Cal. S. Ct.), was denied on June 1, 2022.[1]  His state court

---

[1] The court takes judicial notice of petitioner's records in the state appellate courts, available at http://appellatecases.courtinfo.ca.gov.  See <u>Smith v. Duncan</u>, 297 F.3d 809, 815 (9th Cir. 2002)

petition denied on February 4, 2022, was issued in <u>In re Brandon Leon Bibbs on Habeas Corpus</u>, No. C095607 (Third District Court of Appeal) ("The petition for writ of habeas corpus is denied as repetitive.  The court incorporates by reference the records in <u>In re Bibbs</u>, case numbers C095098 and C095483.").[2]

Thus, the instant application appears to attack a conviction issued by the Central District of California.  While both this court and the United States District Court in the district where petitioner was convicted have jurisdiction, see <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484 (1973), any and all witnesses and evidence necessary for the resolution of petitioner's application are more readily available in Los Angeles County.  <u>Id.</u> at 499 n.15; 28 U.S.C. § 2241(d).  Moreover, review of records in the Central District of California reflect that petitioner has a writ of habeas corpus pending: <u>Bibbs v. Kibler</u>, No. 2:22-cv-04330 JVS JPR (C.D. Cal. West. Div. L.A.).  If a new habeas petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition.  <u>Woods v. Carey</u>, 525 F.3d 886, 888 (9th Cir. 2008).  Thus, the Central District court should decide whether to treat petitioner's filing as a new action or a motion to amend in <u>Bibbs v. Kibler</u>, No. 2:22-cv-04330 JVS JPR.

////

---

(courts may take judicial notice of relevant state court records in federal habeas proceedings).  It is appropriate to take judicial notice of the docket sheet of a California court.  <u>White v. Martel</u>, 601 F.3d 882, 885 (9th Cir. 2010).

[2] The incorporated cases identify petitioner's underlying conviction in Los Angeles County:

C095098 - denied 11/5/2021 - "The petition for writ of habeas corpus challenges petitioner's underlying criminal conviction from Los Angeles County rather than his current confinement in Lassen County.  Accordingly, it is denied without prejudice to filing in the Second Appellate District, which includes Los Angeles County.  (See Cal. Rules of Court, rule 8.385(c).) Robie, Acting P.J., Hoch, J., Renner, J." <u>Id.</u>

C095483 - denied 1/7/2022 - "As the matter concerns records relating to petitioner's criminal conviction, the petition for writ of habeas corpus is denied without prejudice to raising it in the county of his conviction in the first instance. (See Cal. Rules of Court, rule 8.385(c).) The court incorporates by reference the record in <u>In re Bibbs</u>, case number C095098. The clerk of this court is directed to attach a copy of the November 5, 2021, order denying the petition in that case with this order.  Robie, Acting P.J., Mauro, J., Duarte, J." <u>Id.</u>

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that:

1. This court has not ruled on petitioner's application to proceed in forma pauperis; and

2. This matter is transferred to the United States District Court for the Central District of California.

Dated: October 18, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bibb1501.108

3